### H. M. Bradford, et al., v. George B. Abbott, et al.

1. RES JUDICATA—*when decree is not.*   A decree in a case which did not involve or determine the property rights in issue in a subsequent proceeding, is not *res judicata* in such subsequent proceedings.

Creditor's bill.   Appeal from the City Court of East St. Louis; the Hon. CHARLES T. MOORE, Judge, presiding.   Heard in this court at the August term, 1905.   Reversed and remanded with directions.   Opinion filed March 22, 1906.

B. H. CANBY and VICTOR KOERNER, for appellants.

JAMES M. DILL, B. O. DAVIDSON and R. H. FLANNIGAN, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On June 9, 1903, appellants filed a creditors' bill against appellees, George B. Abbott, Cora Belle Abbott, Fern Abbott, J. C. Perkins and Mrs. J. C. Perkins, his wife, to subject two certain lots in the city of East St. Louis, the title to which is now held in the name of appellee, Cora Belle Abbott, to the payment of a judgment entered by confession on June 29, 1900, against appellee, George B. Abbott, in favor of appellants, for the sum of $5,405.38.

The bill alleges that judgment was obtained in favor of appellants against appellee, George B. Abbott, in the manner and for the amount above set forth and that execution was duly issued and returned unsatisfied; that prior to the rendition of said judgment said Abbott had purchased with his own means lots 154 and 155 in block 2 of Illinois City, now a part of East St. Louis; that he employed appellants, a firm composed of H. M. Bradford and L. D. Abbott, doing business under the firm name of Bradford & Company, who were contractors and builders and dealers in building materials, to furnish materials and employ mechanics to build five houses on said premises; that knowing said George Abbott had paid for said real estate and that the original deed had been made directly to him, they did not examine the record as to the condition of the title at the time they were actually engaged in constructing said houses; that when said houses were completed they discovered that after the execution of the deed to George B. Abbott, his name was erased and the name of his daughter, appellee, Fern Abbott, then a minor, was inserted as grantee, and the deed was filed for record; that after Fern Abbott became of age she executed a deed of the premises to Cora Belle Abbott, her mother; that no consideration passed from Fern Abbott to George B. Abbott or from Cora Belle Abbott to Fern Abbott, for said conveyances; that all the money paid for said lots and improvements on the same, outside of moneys paid out and labor performed by appellants, was paid by said George B. Abbott out of his own funds; that said conveyances were made to place the title

where creditors of George B. Abbott could not take the
property and to give him the use and benefit thereof in his
lifetime; that George B. Abbott is the real equitable owner
of said premises; that the object of said conveyance and its
design by said George B. Abbott, Cora Belle Abbott and
Fern Abbott, was to delay creditors of said George B. Ab-
bott; that said George B. Abbott has no other real or per-
sonal property subject to execution anywhere in Illinois
so far as appellants could learn; that J. O. Perkins and wife
claimed some interest in the premises, but whatever it was
was subject to the rights of appellants.

The prayer of the bill was that the original deed to Fern
Abbott be held to be for the benefit of George B. Abbott
and that the deed from Fern Abbott to Cora Belle Abbott
be set aside; that the interest of said Perkins and wife be
declared to be subject to the rights of appellants and that
the real estate be decreed to be subject to the execution is-
sued upon the judgment of appellants against George B.
Abbott, above set forth. Appellees, Cora Belle Abbott and
Fern Abbott, filed their answer denying the allegations of
the bill and also setting up as a defense in bar of the pres-
ent action, an alleged former adjudication of substantially
the same subject-matter between the same parties, except
appellee Perkins and wife.

The other defendants filed no answer in the cause. Ap-
pellants introduced evidence showing that appellee George
B. Abbott purchased the lots in question for the sum of
$700 from the Highland Brewing Company, that he paid
the money out of his own funds and the company made
him a deed on May 21, 1897, and tending to prove all the
material allegations of the bill. The proof also showed that
after building the houses, appellants took possession of and
have since occupied and rented them, collecting the rents
and paying for taxes and repairs upon the same, and that
they are now in possession thereof; that the original con-
tract for building the houses amounted to $7,100 upon which
there is still due after giving credit for rents collected, less
expenses, the amount for which judgment was taken.

Appellees introduced no evidence concerning the matters alleged in appellants' bill except an affidavit of appellee, Fern Abbott, to the introduction of which appellants objected and which was received by the court subject to the objection, stating that she had a conversation with L. D. Abbott in the latter part of August or first of September, 1897, while the houses were in process of construction, in which he made a remark indicating that he then knew her father had conveyed her the lots in question.

The real defense, relied upon by appellees, Fern and Cora Belle Abbott, is the former adjudication above referred to. The facts concerning this adjudication as set out in the answer, and as they appear from the records introduced in evidence, are that Cora Belle Abbott filed a bill for divorce from her husband, George B. Abbott, September 12, 1899, and that a divorce was granted her at the following January term, to wit: March 8, 1900, of the Circuit Court of St. Clair County; that afterwards her husband, George B. Abbott, filed an intervening petition in the nature of a cross-bill, making Cora Belle, Fern and Beatrice Abbott and the appellants herein defendants, asking the court to decree the title of certain lands in Kansas and the lots in controversy here to him and alleging among other things that appellants had a large bill against the property on account of buildings erected thereon; that appellants also filed a bill for mechanic's lien upon the premises against Fern Abbott and that Cora Belle Abbott and Fern Abbott filed a cross-bill for an injunction to restrain appellants and George B. Abbott from interfering with the complainant in collecting rents of said premises; answers and replications were filed and at the April term, 1900, of said court the various causes were consolidated and tried together; that after the trial and before the decree was entered appellants, by leave of court, dismissed their bill for mechanic's lien without prejudice; that at the September term, 1900, of said court, a decree was entered divesting Cora Belle Abbott of her title to the lots in question here and to certain Kansas lands and investing George B. Abbott with title to the same, and con-

taining other provisions immaterial here; that in the decree there is no finding or order in reference to the rights or claims of appellants; that an appeal was taken to the Supreme Court by Cora Belle Abbott and Beatrice Abbott, which resulted in reversing certain provisions of the decree of the court below, including among others that part which divested Cora Belle Abbott of the title to the lots in question and vested George B. Abbott with title to the same. Abbott v. Abbott, 189 Ill. 488.

The Supreme Court held in that case that George B. Abbott having consented to the change of the deed to Fern Abbott could not now repudiate it and that the legal title as between Cora Belle Abbott and George B. Abbott was in Cora Belle.

In the opinion of the court, it is said: "The attempt to engraft this suit, by cross-bill, upon the divorce proceeding after the decree in that action had been rendered was wholly irregular.

The sworn allegation of the principal parties in the petition for alimony *pendente lite* and bill for injunction, and the answers thereto, as well as the testimony in support of and against these allegations, are irreconcilable with the claim of each of them to the ownership of the property here made. These matters are not, however, now of controlling importance. The claim of L. D. Abbott and H. M. Bradford, denied in the cross-bill of Cora Belle and Fern Abbott, was a mechanic's lien for labor and material in erecting improvements upon the East St. Louis property, and was abandoned before the final hearing. * * * The only issue, therefore, submitted to us for decision is between the appellant Cora Belle Abbott and the appellee George B. Abbott, as to the title to lots 154 and 155 in Illinois City (now part of the city of East St. Louis) and to the west half of the southeast quarter of section 18, township 21, etc., in Kansas. This issue, if raised at all, is presented by the amended cross-bill of George B. Abbott, filed June 28, 1900, set out at length in the foregoing statement and the answers thereto."

It, therefore, appears that the only issue presented to and the only question decided by the Supreme Court, so far as the property in question here is concerned, was as to the respective rights of Cora Belle Abbott and George B. Abbott to the title thereto. The bill for mechanic's lien is said to have been abandoned, and was not considered by the Supreme Court. In fact, no claim of appellants to any interest in the property appears to have been considered in either the Circuit or Supreme Court, and the case was apparently tried as though they had never been made parties to any part of the proceedings. The former proceedings set up by appellants not having determined or apparently been concerned with the claimed rights of appellants, cannot be considered as *res judicata*.

The proofs in this case establish the allegations of the bill, and appellants are entitled to have the lots in question subjected to the lien of their judgment and sold under their execution to pay the amount due. As it appears, however, that appellants have been in possession of the premises collecting the rents and profits and paying taxes and other expenses, we are of opinion there should be an accounting between the parties to determine the exact amount due appellants. The case will, therefore, be remanded with directions to the court below to cause an accounting to be had between appellants and appellees, Cora Belle Abbott and Fern Abbott, and when the amount due appellants is determined, to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*